UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JACQUELINE BLUMENTHAL,                         File No. 19-CV-5265

                     Plaintiff,                **COMPLAINT**

      -against-

                                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and THE NEW YORK
CITY DEPARTMENT OF EDUCATION,

                     Defendants.

-------------------------------------------------------------X

        Plaintiff, JACQUELINE BLUMENTHAL, by her attorney, Halperin & Halperin, P.C., complaining of the defendants herein, states and alleges as follows:

## THE PARTIES

        1.    At all times hereinafter mentioned, plaintiff was and still is a resident of Washington, D.C.

        2.    Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK was and still is a municipal corporation organized and existing under the laws of the State of New York.

        3.    Upon information and belief, at all times hereinafter mentioned, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION was and still is a municipal corporation organized and existing under the laws of the State of New York.

        4.    On or about July 15, 2018, notice of plaintiff's claim and of her intention to sue thereon, setting forth the nature of such claim, a description of the time, place and manner in which the injuries were sustained by plaintiff, the name and post-office address of plaintiff and

of her attorney and the items of damages and injuries claimed, was served upon the Comptroller of THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION.  Such notice was served within ninety (90) days after this cause of action accrued, and prior to the commencement of the action.  A copy of such Notice of Claim is annexed to and forms a part of this Complaint as Exhibit "A".

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(2), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between a citizen of a foreign State and a subject of the State of New York.

6. This Court has personal jurisdiction over defendant THE CITY OF NEW YORK, because it is a municipal corporation organized and existing under the laws of the State of New York, and has engaged in the activities giving rise to this lawsuit within the State of New York and this district.

7. This Court has personal jurisdiction over defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION, because it is a municipal organization organized under the laws of the State of New York, and has engaged in the activities giving rise to this lawsuit within the State of New York and this district.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. More than thirty (30) days have elapsed since the notice of claim was served and defendants have refused and failed to pay or adjust Plaintiff's claim.

10. This action has been commenced within the time limited by statute for the commencement of such an action, that is, within one year and ninety (90) days after the cause of action accrued.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION COMMON LAW NEGLIGENCE

11. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 10, inclusive of this Complaint, as if same were fully set forth herein at length.

12. Upon information and belief, at all times hereinafter mentioned, the sidewalk adjacent to the playground of Public School 84 a/k/a The Lillian Webster School of the Arts located at 32 West 92nd Street, New York, New York was and still is a public sidewalk located in the City, County and State of New York (hereinafter the "Sidewalk").

13. Upon information and belief, Defendant THE CITY OF NEW YORK has a non-delegable duty of maintaining its public roadways, highways and walkways in a reasonably safe condition and as such, was under a duty to maintain the Sidewalk in a safe, proper and lawful fashion, free from any defects, obstacles and/or traps, such that no person would be caused to sustain personal injuries.

14. Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK, its officers, agents, employees and/or contractors managed, maintained, operated and controlled the Sidewalk.

15. Upon information and belief, Public School 84 a/k/a The Lillian Webster School of the Arts located at 32 West 92nd Street, New York, New York (hereinafter the "Premises") was and still is a public school owned and operated by defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION.

16. Upon information and belief, defendant THE CITY OF NEW YORK has a non-delegable duty to maintain the Premises, including the sidewalks adjacent to the Premises.

17. Upon information and belief, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION has a non-delegable duty to maintain the Premises, including the sidewalks adjacent to the Premises.

18. Upon information and belief, at all times hereinafter mentioned, defendant THE CITY OF NEW YORK, its officers, agents, employees and/or contractors managed, maintained, operated and controlled the Premises and the sidewalks adjacent to the Premises.

19. Upon information and belief, at all times hereinafter mentioned, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION, its officers, agents, employees and/or contractors managed, maintained, operated and controlled the Premises and the sidewalks adjacent to the Premises.

20. On May 15, 2018, at approximately 11:15 AM., while plaintiff was lawfully and carefully walking upon the Sidewalk adjacent to the Premises, plaintiff tripped and fell over a broken and raised flag of the Sidewalk, and by reason of which trip and fall, sustained the injuries hereinafter set forth.

21. The aforesaid occurrence and the resultant injuries sustained by the plaintiff were caused through and by reason of the negligence and carelessness of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION, by and through their officers, agents, employees and/or contractors in connection with their ownership, operation, control, care, custody, charge, creation, supervision, management and/or maintenance of the Sidewalk, the Premises and the sidewalks adjacent to the Premises in one or more of the following ways:

(a) in causing, creating, permitting and/or allowing a dangerous, hazardous, defective and unlawful condition to be, continue and remain upon the Sidewalk, the Premises and the other sidewalks adjacent to the Premises;

(b) in causing, permitting and/or allowing the Sidewalk, the Premises and the sidewalks adjacent to the Premises to be improperly designed, engineered, constructed, improved or repaired thereby constituting a hazard to individuals upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(c) in causing, permitting and/or allowing the Sidewalk, the Premises and the sidewalks adjacent to the Premises to be improperly improved or repaired or to fall into disrepair, thereby constituting a hazard to individuals upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(d) in causing, permitting and/or allowing the Sidewalk, the Premises and the sidewalks adjacent to the Premises to be improperly improved or repaired or to fall into disrepair such that it became broken, thereby constituting a hazard to individuals thereon;

(e) in having and maintaining the Sidewalk, the Premises and the sidewalks adjacent to the Premises on which plaintiff was injured in an unguarded condition;

(f) in maintaining the Sidewalk, the Premises and the sidewalks adjacent to the Premises in a careless and imprudent manner;

(g) in causing, permitting and/or allowing trees growing alongside the Sidewalk, the Premises and the sidewalks adjacent to the Premises to become

overgrown thereby resulting in the Sidewalk, the Premises and the sidewalks adjacent to the Premises to become broken, raised, uneven and cracked;

(h) in causing, permitting and/or allowing the Sidewalk, the Premises and the sidewalks adjacent to the Premises to become broken, raised, uneven and cracked prior to May 15, 2018;

(i) in causing, permitting and/or allowing a trap to be, continue and remain upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(j) in failing to give plaintiff any notice or warning of the aforesaid hazardous conditions although defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION, by and through their officers, agents, employees and/or subcontractors knew, or in the exercise of reasonable care, should have known of the dangerous, hazardous and unlawful conditions upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(k) in failing to protect the safety of persons lawfully upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises, and more particularly, the Plaintiff herein, from encountering the said dangerous, defective, raised, uneven, hazardous and unlawful condition;

(l) in causing, permitting and/or allowing a nuisance and/or defective, uneven condition to be, continue and remain upon the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(m) in failing to provide plaintiff with a safe, level, proper and hazard-free surface on which to pass over the Sidewalk, the Premises and the sidewalks adjacent to the Premises;

(n) in failing to inspect the Sidewalk, the Premises and the sidewalks adjacent to the Premises, so as to ascertain the aforesaid hazardous conditions above referred to;

(o) in failing to rectify, correct and/or otherwise remedy the hazardous conditions hereinabove referred to;

(p) in failing to give plaintiff adequate, proper and/or sufficient notice or warning of the aforesaid hazardous conditions by signs, barricades or otherwise;

(q) in maintaining and operating the Sidewalk, the Premises and the sidewalks adjacent to the Premises in a careless, unsafe and improper manner;

(r) in violating the applicable and pertinent statutes of the City and State of New York as well as the applicable and pertinent federal and municipal laws, codes, rules and/or ordinances then and there appertaining;

(s) in causing plaintiff to sustain serious personal injuries; and

(t) in failing to take the necessary and requisite steps to prevent this foreseeable occurrence, although defendants,THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION, by and through their officers, agents, employees and/or subcontractors had due notice and knowledge of the condition complained of or should have had notice and knowledge of the condition complained of.

22. The aforesaid occurrence was caused through and by reason of the negligence of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION and each of them, by and through their officers, agents, employees and/or contractors, with no negligence on the part of the plaintiff contributing thereto.

23. Upon information and belief, defendant THE CITY OF NEW YORK, by and through its officers, agents, employees and/or contractors, created the dangerous condition.

24. Upon information and belief, defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, by and through its officers, agents, employees and/or contractors, created the dangerous condition.

25. Upon information and belief, defendant THE CITY OF NEW YORK, by and through its officers, agents, employees and/or contractors, had actual and constructive notice of the dangerous condition.

26. Upon information and belief, defendant THE NEW YORK CITY DEPARTMENT OF EDUCATION, by and through its officers, agents, employees and/or contractors, had actual and constructive notice of the dangerous condition.

27. By reason of the aforesaid, plaintiff was caused to sustain injuries to her two front teeth, including the complete loss of one tooth and a severe crack in another, permanent scarring and bruising to her right knee, bruising of her jaw, right hand, right arm, right shoulder, right hip and chest; and other serious, severe and painful personal injuries, all of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to incur medical expense and seek medical care, attention and treatment in an effort to cure herself of her said injuries; was caused to be incapacitated from her usual duties,

activities and employment and may in the future continue to be so incapacitated; and has been otherwise damaged.

28. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## JURY DEMAND

29. Plaintiff hereby demands a trial by jury.

## RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. As to the First Cause of Action, an indeterminate sum of not less than TWO MILLION ($2,000,000.00) DOLLARS; and

2. The costs and disbursements of this action; a trial by jury of all issues set forth in this Complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  New York, New York
        May 31, 2019

                                \S\
                          Steven T. Halperin, Esq. (STH-8723)
                          Jeffrey Weiskopf, Esq. (JW-3827)
                          HALPERIN & HALPERIN, P.C.
                          Attorneys for Plaintiff
                          JACQUELINE BLUMENTHAL
                          Office & P.O. Address
                          18 East 48th Street, Suite 1001
                          New York, New York 10017-1014
                          (212) 935-2600
                          (212) 935-2390 (Fax)